**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Prentiss A. Thomas,** ) | **CASE NO. 1: 15 CV 812** |
| ) | |
| **Plaintiff,** ) | |
| ) | **JUDGE PATRICIA A. GAUGHAN** |
| **v.** ) | |
| ) | |
| **Gary C. Mohr,** *et al.*, ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

*Pro se* plaintiff Prentiss A. Thomas is a state prisoner currently incarcerated in the Mansfield Correctional Institution ("ManCI"). He has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction (ODRC), Michael Davis, ODRC's Religious Services Administrator, Alan Lazaroff, the Warden at ManCI, and Lyneal Wainwright, the Deputy Warden of Special Services.

The plaintiff alleges he was "conveyed" to the custody of the ODRC in August 2014, and at that time indicated that his faith required him to keep a kosher diet. He was referred to Lorain Correctional Institution Chaplain Pollard, who interviewed the plaintiff. The plaintiff submitted a form requesting inclusion in the Kosher Diet Program and accommodations for access to Jewish Religious Services. His form was forwarded to Michael Davis for "approval/disapproval."

The plaintiff was transferred to ManCI on September 18, 2014, and identified himself as a practitioner of Judaism and indicated a kosher diet as a tenet of his faith. He was told to send a

"kite" to Chaplain Butts.  He did so, but received no response.  After he filed an informal complaint and a grievance, he was visited by Chaplain Maas, who allegedly told him "there's no Jewish services" and that the State isn't buying "religious books, etc."  Chaplain Maas also allegedly told the plaintiff, "it's a money thing" and that he would have to sue the State if he wanted religious meals.  Three weeks after the plaintiff filed another informal complaint, Chaplain Maas returned "with 3 questions on a piece of paper."  The plaintiff answered the questions, and Chaplain Maas submitted his answers to Chaplain Butts.

On January 21, 2015, Michael Davis "denied [his] participation in the Kosher Diet Program citing 'lack of demonstrated sincerity.'"  The plaintiff contends his religious beliefs are sincere and alleges violations of his constitutional rights under the First Amendment.  He seeks injunctive relief, punitive damages, and reimbursement for his expenses.

Because the plaintiff is a prisoner suing a governmental entity and employees and is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  These statutes require the Court to dismiss any complaint, or portion thereof, the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Further, because the plaintiff is proceeding *pro se*, his complaint is construed indulgently.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Upon review, the Court finds the plaintiff's complaint alleges at least a plausible First Amendment claim against Defendant Davis, the decision-maker who denied the plaintiff's

request for a religious accommodation.[1]  Therefore, the action may proceed against Defendant Davis.

The Court, however, finds the complaint fails to state a plausible § 1983 claim and must be dismissed on initial screening against the remaining defendants.  The plaintiff's complaint sets forth no allegations of unconstitutional conduct, or any conduct at all, on the part of Defendants Mohr, Lazaroff, or Wainwright.  It is well-established that § 1983 liability may not be imposed on a supervisory official on the basis of *respondeat superior*.  "[A] § 1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009) (citation omitted.)  "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*[2]  The plaintiff has not alleged facts plausibly suggesting Defendants Mohr, Lazaroff, or Wainwright engaged in conduct sufficient to impose liability on them under § 1983.  Accordingly, the plaintiff's complaint fails to state a plausible claim and must be dismissed against them.

---

[1] Although not unlimited, prisoners are entitled to protection under the First Amendment to freely exercise their religion.  *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987).  "A prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'"  *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001), quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987).  The plaintiff's allegations viewed favorably to him are sufficient to plausibly suggest Defendant Davis violated his rights under the First Amendment by denying him accommodation for a sincerely-held religious belief.

[2] Merely denying a prisoner's administrative grievance or failing to remedy a subordinate's unconstitutional conduct are insufficient bases to hold a supervisory official liable under § 1983. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

**Conclusion**

In accordance with the foregoing, the plaintiff's complaint is hereby dismissed against Defendants Mohr, Lazaroff, and Wainwright pursuant to 28 U.S.C. §§1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed only as against Defendant Davis. Accordingly, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendant Davis. **A copy of this order shall be included with the documents to be served**.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 8/31/15