**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Prentiss A. Thomas,** | ) | **CASE NO. 1:15 CV 812** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Gary C. Mohr, et al,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant Mike Davis's Motion for Judgment on the Pleadings (Doc. 15). For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

*Pro se* plaintiff Prentiss A. Thomas, a state prisoner formerly incarcerated in the Mansfield Correctional Institution ("ManCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction (ODRC), Michael Davis, ODRC's Religious Services Administrator, Alan Lazaroff, the Warden at ManCI, and Lyneal Wainwright, the Deputy Warden of Special Services. By

1

prior Memorandum of Opinion and Order, this Court dismissed all defendants except Davis.

The Complaint alleges the following. The plaintiff was "conveyed" to the custody of the ODRC in August 2014, and at that time indicated that his faith required him to keep a kosher diet. He was referred to Lorain Correctional Institution Chaplain Pollard, who interviewed the plaintiff. The plaintiff submitted a form requesting inclusion in the Kosher Diet Program and accommodations for access to Jewish Religious Services. His form was forwarded to Michael Davis for "approval/disapproval."

The plaintiff was transferred to ManCI on September 18, 2014, and identified himself as a practitioner of Judaism and indicated a kosher diet as a tenet of his faith. He was told to send a "kite" to Chaplain Butts. He did so, but received no response. After he filed an informal complaint and a grievance, he was visited by Chaplain Maas, who allegedly told him "there's no Jewish services" and that the State isn't buying "religious books, etc." Chaplain Maas also allegedly told the plaintiff, "it's a money thing" and that he would have to sue the State if he wanted religious meals. Three weeks after the plaintiff filed another informal complaint, Chaplain Maas returned "with 3 questions on a piece of paper." The plaintiff answered the questions, and Chaplain Maas submitted his answers to Chaplain Butts.

On January 21, 2015, Michael Davis "denied [his] participation in the Kosher Diet Program citing 'lack of demonstrated sincerity.'" The plaintiff contends his religious beliefs are sincere and alleges violations of his constitutional rights under the First Amendment. He seeks injunctive relief, punitive damages, and reimbursement for his expenses.

This matter is now before the Court upon defendant Mike Davis's Motion for Judgment on the Pleadings. Plaintiff did not oppose the motion.

2

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)):

> The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. The factual allegations must raise a right to relief above the speculative level. In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face.
>
> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Bare allegations without a factual context do not create a plausible claim. A complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. The bare assertion of legal conclusions is not enough to constitute a claim for relief.

(*Id.*) (internal citations and quotations omitted).

**Discussion**

Plaintiff's remaining claim is under the First Amendment against defendant Davis, the decision maker who denied plaintiff's request for religious accommodation. For the following reasons, this Court agrees with defendant that dismissal of the Complaint is warranted.

Plaintiff is no longer in the custody and control of ODRC as he has been released from prison. www.drc.ohio.gov/offendersearch. Plaintiff's Complaint alleges primarily injunctive relief in the form of access to religious services, access to holy books and relics, and participation in kosher meals at ManCI. (Doc. 1 at 5) Where a prisoner who seeks injunctive relief with respect to prison conditions is no longer confined and has been released from prison, his action should be dismissed as moot. *See Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (citations omitted) (Prisoner's transfer rendered his request for

3

injunctive relief moot.)  Therefore, dismissal is warranted as to plaintiff's request for injunctive relief.

Plaintiff also seeks reimbursement from ODRC for copies, filing fees, and court costs as well as punitive damages in the amount of $500.00. The Motion for Judgment on the Pleadings is also granted as to these requests. Given that plaintiff's claims for injunctive relief have been dismissed, he cannot be awarded punitive damages or reimbursement of costs as to them. Additionally, ODRC is not a defendant and to the extent Davis has been sued in his official capacity, the Eleventh Amendment bars such suits for money damages. *Grinter v. Knight,* 532 F.3d 567 (6th Cir. 2008).

**Conclusion**

For the foregoing reasons, defendant Mike Davis's Motion for Judgment on the Pleadings is unopposed and granted.

IT IS SO ORDERED.


                              /s/ Patricia A. Gaughan  
                              PATRICIA A. GAUGHAN  
Dated: 4/25/16               United States District Judge